PORTO RICAN LEAF TOBACCO CO. v. THE REGISTRAR OF PROPERTY.

APPEAL from a decision of the Registrar of Property of Caguas.

No. 4.—Decided June 29, 1907.

RECORD—ATTORNEY IN FACT—CURABLE DEFECT.—It not having been legally shown that the president of the appellant company in this case is authorized to contract for and accept in the name of the company, the deed of sale to which this appeal refers, contains a curable defect which must be made to appear in the record.

The facts are stated in the opinion.
*Mr. Hernández Usera* for appellant.

Mr. Chief Justice Quiñones delivered the opinion of the court.

This is an appeal taken by Attorney José Hernández Usera on behalf of the Porto Rican Leaf Tobacco Co. from a decision of the acting Registrar of Property of Caguas, admitting to record a deed of purchase and sale of a tract of land subject to a curable defect.

By public deed executed in this city on July 19, 1903, before José Hernández Usera, an attorney and notary hereof, José Costas Palol, with the express authority of his wife, Marcolina Morales y Rodríguez, sold to the Porto Rican Leaf Tobacco Co. a tract of land of 4.69 *cuerdas* situated in the *barrio* of Mamey in the municipal district of Juncos, the vendee company appearing to execute the deed in the person of its president, Luis Toro Pasarell, which appointment he established by a certificate issued by the same notary, who authenticated the instrument in view of the book of minutes of the said company; and upon the presentation of this deed for record in the Registry of Property of Caguas the registrar recorded it subject to the curable defect that it had not been legally established that Luis Toro Pasarell, in the capacity in which he acted, had power to enter into contracts in the name of the Porto Rican Leaf Tobacco Co., as shown in the decision of the Registrar of Property placed at the end of the said deed.

Said company took an appeal from this decision, through its attorney, José Hernández Usera, asking for the reversal thereof, and that the notice of a curable defect made by the Registrar of Property of Caguas in the record of said deed should be set aside.

The grounds for the decision contested are accepted.

The decision of the Registrar of Property of Caguas placed at the end of the deed in question, holding that said deed was recordable, subject to the curable defect that it had not been legally shown that Luis Toro Pasarell, in the ca-

pacity in which he acted, had the power to enter into contracts in the name of the Porto Rican Leaf Tobacco Co., is affirmed; and it is ordered that the deed presented be returned to the registrar together with a copy of this decision, for his information and other purposes.

*Affirmed.*

Justices Hernández, Figueras, MacLeary and Wolf concurred.